978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Steven Michael BURSTON, Appellant.
 No. 92-1477MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1992.
Filed: November 4, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Burston was indicted on four drug-related counts and pleaded guilty to one of the counts. The plea agreement predicted Burston's base offense level to be 30 and his criminal history score to be V, resulting in a sentencing range under the sentencing guidelines of 151-188 months. The plea agreement also acknowledged the statutory minimum for Burston's crime was ten years.
 
 
 2
 The plea agreement also provided the government would have the option to move for a departure below the statutory minimum (pursuant to 18 U.S.C. § 3553(e)) as well as the guideline minimum (pursuant to U.S.S.G. § 5K1.1) if Burston assisted law enforcement officials in manners specified in the plea agreement. The agreement also stated that Burston had already provided some assistance prior to entering the plea agreement, and that based on this assistance the government would recommend a sentence of no more than nine years.
 
 
 3
 Burston provided no further assistance to the authorities, and the government recommended that he be sentenced to nine years imprisonment. The district court[1] sentenced Burston to nine years imprisonment. Burston complains, as he did at sentencing, that he was not afforded an opportunity to provide further assistance because, while awaiting sentencing, he was incarcerated at a facility some distance away from the officials working on his case. On appeal, he contends this constituted a breach of the plea agreement in that he was denied an opportunity to provide further assistance, thereby entitling himself to a sentencing recommendation less than nine years.
 
 
 4
 Burston is not entitled to relief. The government promised to reward his past assistance by recommending a departure below the statutory and guideline minimums. It kept this promise. The government also promised to recommend a sentence of no more than nine years. It also kept this promise. The government agreed to consider Burston's further assistance in making the ultimate recommendation, but there was no further assistance-so the government did not breach this part of the agreement. The government's sentencing recommendation was not binding on the district court, and Burston was allowed to present his willingness to provide further assistance as a factor for the court to consider in determining how far to depart. The court honored the government's motions and departed below the statutory and guideline minimums. Ultimately, there is no provision of the plea agreement that the government breached, and the district court committed no error of law. The district court is affirmed. See 8th Cir. Rule 47B(4).
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota